# REUEL E. TOPAS, ESQ.
ATTORNEY AT LAW
319 East Seventh Street
Lakewood, N.J. 08701
732-534-9820 (T)
732-534-9372 (F)
rtopaslaw@gmail.com

VIA HAND DELIVERY

May 22, 2015

Hon. Kathryn C. Ferguson, C.J.
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    RE:    In re: Jonathan Rubin
               Case No. 14-24223

Dear Judge Ferguson:

    I am counsel for 575 Acquisitions, LLC, Helen Zimmerman, Eliyahu Zimmerman, Menachem Gutfruend, Bernard Rubin, Razelle Rubin and Ideal Insurance Agency, unsecured creditors in the above-captioned Chapter 7 bankruptcy case. Enclosed, please find two copies of my certification in support of the debtor's pending motion to convert the chapter 7 case to a case under chapter 11.

    I am in receipt of the trustee's letter response to my submission of May 21, 2015.

    The Trustee seems to take umbrage at my clients' assertion that this case has been dragging on. There was no intent to accuse the Trustee of wrongdoing. My clients have made a statement fact, that this case is close to a year old, and shown no sign of ending soon. The Trustee's activities seem likely (whether by design or not) to prolong this case and increase the Trustee's fees. They also seem likely to drain the assets of the estate and energy of the debtor, thus preventing him from working on paying back a portion of his debts.

    The Trustee seems surprised that my clients would support a conversion from chapter 7 to chapter 11. Frankly, I am surprised that the Trustee would attempt to substitute her business judgment for the creditors'. The creditors are closer to the scene than the Trustee, and are perfectly able to form their own decisions as to what is in their best interest.

    The Trustee states that Debtor has not proposed a plan and has no method of funding it. It is our understanding that approval of the motion to convert will give the Debtor an opportunity to present a plan, which creditors can either accept or reject. If it isn't more favorable to the creditors than they believe a chapter 7 will be, my clients can reject it. As stated in my certification, my clients feel that they can work out a plan with the debtor which will net them more than a chapter 7. It is somewhat incredible that the trustee is fighting against 96% of the creditors, all the while claiming she is acting for the benefit of the creditors.

    In addition, as noted in my certification, halfway through the allotted time for filing a claim, there is exactly $3,872 as uncontested unsecured debt, an amount easily within the debtor's ability to pay. Somehow my clients think that the debtor's estate will have more money for creditors if it doesn't have to incur the

expense (both of Debtor's counsel and the Trustee) of protracted litigation etc. that the current situation now promises. Why the Trustee would be objecting to allowing the Debtor the opportunity to present his plan is unfathomable.

    For the reasons stated therein, I respectfully submit that the debtor's motion should be granted.

Respectfully,

Reuel E. Topas, Esq.

RET/mys
Enc.
Cc:    Clients
        Timothy P. Neumann, Esq.
        Trustee
        Clerk, USBC