# REUEL E. TOPAS, ESQ.

ATTORNEY AT LAW
319 East Seventh Street
Lakewood, N.J. 08701
732-534-9820 (T)
732-534-9372 (F)
rtopaslaw@gmail.com

VIA FEDERAL EXPRESS

August 27, 2015

Hon. Kathryn C. Ferguson, C.J.
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

  RE: In re: Jonathan Rubin
     Case No. 14-24223

Dear Judge Ferguson:

  I am counsel for 575 Acquisitions, LLC, Helen Zimmerman, Eliyahu Zimmerman, Menachem Gutfruend, Bernard Rubin, Razelle Rubin and Ideal Insurance Agency, unsecured creditors in the above-captioned Chapter 11 bankruptcy case.

  As the court may be recall, my clients' claims represent in the aggregate over 96% of Mr. Rubin's total debt. Please accept this letter in lieu of a more formal opposition the Chapter 7 Trustee's request for reimbursement of fees and costs in the amount of $48,067.76.

  A very large proportion of the legal work reflected in the Trustee's application was incurred due to her unsuccessful opposition to the debtor's motion to convert from Chapter 7 to Chapter 11, and during or after the period when the motion was pending. The motion to convert was supported by virtually all the debtor's creditors, and opposed by none. The Trustee was informed that virtually all the remaining creditors (totaling around $160,000) were business claims which, in an abundance of caution, the debtor had listed, but was probably not personally liable for. She also knew that the creditor would be paying the remaining creditors either substantially or in full. Ultimately, other than secured creditors, the debtor has approximately $22,000 of debt, of which over $10,000 is disputed. Ultimately, it was obvious before tens of thousands of legal fees were incurred, that opposition to the motion to convert and other legal work would do nothing to benefit the creditors.

  There was no justification for the Trustee's actions, especially given that conversion to Chapter 11 is virtually by right, making opposition fruitless and other Chapter 7 oriented work futile. In prior court filings, the Trustee stated that since debtor would be unable to complete a chapter 11 plan, it was merely a delay tactic, and it was in the creditors' best interest that conversion be rejected. Even assuming that the Trustee sincerely believed that the debtor would be unable to complete a chapter 11 plan (though so apparently incorrect), by what stretch of logic

could one justify spending $48,067.76 to prevent the delay in resolution of what was at most $160,000 of claims?

Even if the success of the Trustee's opposition would have been assured, it would not have been a prudent use of resources. A Trustee concerned about the interest of the creditors would have either let the matter play out, or file a nominal objection; not spend 150 hours on the matter. And as matters stand now, Trustee is requesting $48,067.76 largely spent on unsuccessful attempts to delay the resolution of what amounted to $22,000 worth of claims.

The job of a Trustee is to ensure that the creditors, not the Trustee's law firm, recover as much as possible. Approval of the Trustee's request will diminish the debtor's ability to repay the creditors, due to the Trustee's unnecessary and unwarranted actions. For these reasons, my clients submit that the Trustee's application should be denied.

Respectfully,

Reuel E. Topas, Esq.

RET/mys
Enc.
Cc:    Clients
       Timothy P. Neumann, Esq.
       Trustee
       Clerk, USBC